UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RASHEED UNDERWOOD,

                Plaintiff,                    Case No. 1:21-cv-501

v.                                     Hon. Hala Y. Jarbou

UNKNOWN BINKLEY, et al.,

                Defendants.
_____/

## OPINION

       This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Cope.

## Discussion

## I.      Factual Allegations

       Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Central Michigan Correctional Facility (STF) in St. Louis, Gratiot County,

Michigan.  The events about which he complains, however, occurred at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan.   Plaintiff sues Corrections Officer Unknown Binkley and Assistant Resident Unit Supervisor Unknown Cope.

Plaintiff alleges that in September of 2019, Plaintiff was moved out of Unit C-4 to Unit C-5 in order to participate in the Jackson College Program (CEP).  Plaintiff states that in October of 2019, Defendant Binkley was making rounds and entered Plaintiff's twelve-man cell, knocking things off of Plaintiff's bunk shelf.  Defendant Binkley then told Plaintiff that he needed to clean up his area.  Defendant Binkley did not treat the other inmates in the same manner and, when he left the room, other prisoners asked why Defendant Binkley treated Plaintiff like that.

A few months later, Plaintiff filed a PREA grievance on Defendant Bowers for making sexually harassing comments to him.  On February 25, 2020, Plaintiff overhead Defendant Bowers discussing the PREA grievance with Defendant Binkley.  A few minutes later, Defendant Binkley approached Plaintiff and said, "You want to put out paperwork on officers, when they're just joking?"  Plaintiff walked away without responding.  As he was leaving the area, Defendant Binkley called him a snitch in front of other prisoners, placing Plaintiff in danger.

Plaintiff spoke to Inspector Chrisman and Assistant Deputy Warden Ault about the matter, asking them whether an officer should be discussing a PREA grievance filed against him with other officers.  Both Chrisman and Ault replied "no," and asked Plaintiff which officer he was talking about.  Plaintiff then explained that he had overheard Officer Bowers discussing the grievance with Defendant Binkley.

Over the next seven months, Defendant Binkley verbally harassed Plaintiff and followed him around the housing unit while he was working as a porter, ordering him to empty trashcans that were barely full.  Defendant Binkley also refused to allow Plaintiff to use the

showers in adjacent units when the shower in Plaintiff's unit was full, while allowing other prisoners to do so.

On September 16, 2020, Defendant Binkley stood over Plaintiff as he used the JPay kiosk.  Plaintiff asked Defendant Binkley to move back, but Binkley ignored Plaintiff's request. Plaintiff called his family and asked them to call prison administration to report Defendant Binkley's harassment.  Plaintiff also spoke with Defendant Cope about Defendant Binkley's conduct.  Defendant Cope told Plaintiff that if he complained about her staff, he would eventually regret it.  Plaintiff then filed a grievance on Defendant Binkley.

On September 27, 2020, Plaintiff was called out by Administrative Assistant Troore to discuss the phone calls from Plaintiff's family.  Troore asked Plaintiff to describe Defendant Binkley's conduct, and Plaintiff complied.  Troore told Plaintiff that she would address Plaintiff's concerns and that he should go back to his unit and "kill him with kindness."  (ECF No. 1, PageID.5.)

On September 30, 2020, Plaintiff finished his unit porter duties and asked Officer Ellis for permission to come onto unit C-4 to cut the hair of another incarcerated individual named Wright.  Officer Ellis agreed to Plaintiff's request.  While Plaintiff was cutting inmate Wright's hair, Defendant Binkley approached him and ordered him to grab his things and return to his own unit, despite the fact that Officer Ellis had given Plaintiff permission to be on unit C-4.  Plaintiff complied, but Defendant Binkley wrote Plaintiff a misconduct ticket for being out of place. Plaintiff was subsequently moved to unit F-1 pending removal from CEP.

During his hearing, Plaintiff maintained that the misconduct was retaliatory. However, Plaintiff was found guilty and was removed from CEP.  Plaintiff also received 20 days loss of privileges.  Plaintiff's request for rehearing was denied.  A few days after Plaintiff's move

to unit F-1, inmate Harvey Bonner overheard Defendant Binkley tell another inmate, "You saw what happened to [Plaintiff] Underwood after he wrote his grievance, you can be kicked out of college with a ticket too." (*Id.* at PageID.7.)

Plaintiff claims that Defendants violated his First Amendment right to be free from retaliation. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.    Defendant Cope

Plaintiff alleges that Defendant Cope told him that he would regret filing grievances on staff, failed to conduct an investigation in response to his verbal complaint, and did not take any corrective action against Defendant Binkley. However, Plaintiff fails to allege that Defendant Cope actually engaged in any active retaliatory conduct. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  Plaintiff has failed to allege that Defendant Cope engaged in any active unconstitutional behavior.  Accordingly, he fails to state a claim against Defendant Cope.

## IV.    Defendant Binkley

Plaintiff asserts that Defendant Binkley retaliated against him for his use of the grievance system by writing a false misconduct ticket, which resulted in loss of privileges and Plaintiff's removal for CEP.   Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.*  Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff alleges that he filed a PREA grievance on Defendant Bowers, who discussed the grievance with Defendant Binkley.  A few minutes later, Defendant Binkley told Plaintiff, "You want to put out paperwork on officers, when they're just joking?"  Defendant Binkley also called him a snitch.  Over the next seven months, Defendant Binkley verbally harassed Plaintiff, singled him out on his porter duties and ordered him to empty trashcans that were barely full, and refused to allow Plaintiff to use the showers in adjacent units when the shower in Plaintiff's unit was full, in contrast to his treatment of other prisoners.  On September 30, 2020,

Defendant Binkley wrote a false misconduct ticket on Plaintiff, which resulted in Plaintiff receiving 20 days' loss of privileges and being removed from CEP.  Inmate Harvey Bonner later told Plaintiff that he overheard Defendant Binkley tell another inmate, "You saw what happened to [Plaintiff] Underwood after he wrote his grievance, you can be kicked out of college with a ticket too."

The Court concludes that Plaintiff has alleged facts which, if true, support a claim of retaliation.  Therefore, Plaintiff's retaliation claim against Defendant Binkley is not properly dismissed on initial review.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Cope will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Plaintiff's retaliation claim against Defendant Binkley remains in the case.

An order consistent with this opinion will be entered.


Dated:   October 28, 2021                              /s/ Hala Y. Jarbou
                                                      HALA Y. JARBOU
                                                      UNITED STATES DISTRICT JUDGE